UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. 2:12-CR-00258-MCE |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| WILLIAM BROCK IV, | |
| Defendant. | |

On November 6, 2013, a unanimous jury found Defendant William Brock, IV ("Defendant"), guilty of one count of conspiracy to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. 846 and 841(a)(1), and one count of possession with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. 841(a)(1). On November 15, 2013, Defendant filed a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c).[1]

Rule 29(c) allows for a motion for judgment of acquittal within fourteen days of the jury's discharge. This Rule states, in pertinent part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter a judgment of acquittal." Fed. R. Crim. P. 29(c). It is now well settled that the test for determining whether to

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Criminal Procedure unless otherwise noted.

grant such a motion "is whether at the time of the motion there was relevant evidence from which the jury could reasonably find (the defendant) guilty beyond a reasonable doubt, viewing the evidence in light favorable to the Government." United States v. Figueroa-Paz, 468 F.2d 1055, 1058 (9th Cir. 1972); United States v. Nelson, 419 F.2d 1237, 1242 (9th Cir. 1969); see also United States v. Von Willie, 59 F.3d 922, 928 (9th Cir. 1995); United States v. Andrino-Carillo, 63 F.3d 922, 924 (9th Cir. 1995), cert. denied, 516 U.S. 1064 (1996).  In ruling on a Rule 29(c) motion, a district court must bear in mind that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." Id. at 1241.

Here, Defendant seeks an order vacating the Court's denial of Defendant's Motion to Quash Search Warrant and Suppress Evidence, and Motion to Traverse Search Warrant and Suppress Evidence, and argues that the Court should set aside the jury verdict and enter a judgment of acquittal.

Defendant's request that the Court vacate its denial of his two previous Motions is, in effect, a Motion for Reconsideration.  "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding.  Rather, the district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion.'" United States v. Lopez-Cruz, 730 F.3d 803, 811 (9th Cir. 2013) (quoting United States v. Raddatz, 447 U.S. 667, 678 n. 6 (1980)).  Other courts have applied the standard used in civil cases to a motion for reconsideration in a criminal case.  Under that standard, "[m]otions for reconsideration should not be granted unless the Court is presented with newly discovered evidence, the Court committed clear error, or there is an intervening change in the controlling law." United States v. Valencia, CR-12-2001-RMP-1, 2013 WL 53722 (E.D. Wash. Jan. 3, 2013) (citing Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001)); see also United States v. Bernal, No. CR-12-01627-PHX-DGC, 2013 WL 4512355 (D. Ariz. Aug. 26, 2013) (Applying civil rule that a motion for reconsideration will be denied "absent a

showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence.")

Here, Defendant merely reiterates the arguments previously put forth in support of his Motion to Quash and Motion to Suppress.  Defendant does not attempt to show new facts or legal authority, but instead simply asks the Court to review its previous analysis.  Cf. Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Defendant therefore fails to demonstrate that reconsideration of the Court's previous Orders is warranted, and this request is DENIED.

In support of Defendant's request that the Court set aside the jury verdict and enter a judgment of acquittal, Defendant states that his "guilt was not proven beyond a reasonable doubt." ECF No. 117 at 4.  Specifically, Defendant contends that the government failed to prove beyond a reasonable doubt that the substance at issue was marijuana, in that they did not have a chemical expert testify as to the contents of the substance, and instead merely had police officers testify that they believed the substance was marijuana.  Defendant also argues that the Court erred in qualifying the police officers who testified at trial as experts to identify the chemical substance.  Next, Defendant argues that the government failed to prove beyond a reasonable doubt that there was over 100 kilograms of marijuana, as the only "testing evidence" provided was that DEA Agent Marchi field-tested approximately 10 of the 340 bags that he received from the Sacramento Police.  Finally, Defendant argues that the government failed to provide that anything more than a buyer-seller relationship existed between Defendant and his co-Defendant, William C. Calvert, and thus the government failed to prove that there was a conspiracy to distribute marijuana.

These contentions are without merit.  To the extent that Defendant argues that the government did not prove that the substance at issue was marijuana because a chemical expert did not testify, this argument fails.  It is well established that an experienced officer may testify as to the identification of a substance such as marijuana, and the government need not present a chemist to establish that the substance is

marijuana.  United States v. Ferguson, 555 F.2d 1372, 1373 (9th Cir. 1977).  The Court also rejects Defendant's argument that the Court improperly qualified as experts the police officers who testified as experts.  In light of the officers' extensive training and experience, the Court found that they were qualified to testify as experts regarding whether the substance at issue was marijuana.  As just set forth, the government did not need a "chemical expert" to identify the substance.  For the same reason, Defendant's contention that the government failed to prove "beyond a reasonable doubt that there was over 100 kilograms of marijuana" fails.  This argument is also premised on the fact that the government had police officers, rather than chemical experts, identify the substance, and is thus without merit.  Additionally, the testimony of Special Agent Marchi's regarding his examination of the vacuum-sealed bags, his calculations related to those bags, along with the testimony of Detectives Ruben Labrado and Marcus Gregory regarding the weight of the marijuana, is more than adequate to establish beyond a reasonable doubt that the amount of marijuana was at least 100 kilograms.

        Finally, Defendant's argument regarding the evidence of the conspiracy also fails.  As the government points out, the Court gave the jury the instruction regarding the buyer-seller relationship, and heard argument by defense counsel that the United States had not proven that the relationship between Defendant and Calvert was not more than a buyer-seller relationship.  In viewing the evidence against Defendant in the light most favorable to the government, it is without question that "any rational trier of fact could have found" the conspiracy element beyond a reasonable doubt.  Von Willie, 59 F.3d at 928.  The government presented overwhelming evidence that Defendant and Calvert conspired to distribute marijuana.  Such evidence includes, but is not limited to, the sheer volume and value of marijuana found in the warehouse; the ledger contained in the warehouse; the pay-owe sheet in Calvert's van; and the uniformity of the marijuana packaging in Calvert's van, Brock's warehouse, and Brock's residence.  In light of this evidence, any rational trier of fact could easily find that Defendant and Calvert had an agreement to distribute marijuana.

Accordingly, the Court finds that the jury's verdict stands, and Defendant's Motion for Judgment of Acquittal, ECF No. 117, is DENIED.

IT IS SO ORDERED.

Dated: March 17, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT