UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM E. BROCK, IV,<br><br>Defendant. | No. 2:12-CR-00258-MCE<br><br><br><br>**ORDER** |

Defendant William E. Brock, IV, ("Defendant") was found guilty after a jury trial of Conspiracy to Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1). Presently before the Court is Defendant's Motion to Reduce Sentence Pursuant. ECF No. 162.[1]  This matter was referred to the Office of the Federal Defender, which, at Defendant's request, subsequently filed a motion to withdraw as counsel. ECF Nos. 165-67.

///

///

///

---

[1] Also before the Court is Defendant's Motion to Expand the Record, which is GRANTED. ECF No. 163.

1

The Court granted Defendant's counsel's request and ordered the Government to file a response, which it did. ECF Nos. 168-69, 173.[2] For the reasons that follow, Defendant's Motion is GRANTED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[3] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the]

---

[2] The Government's response was untimely and Defendant thus moves the Court to deem its arguments waived. ECF No. 175. However, regardless of whether the Government waived any rights, which the Court does not so hold, the Court itself would be bound to determine that any sentence imposed was just and reasonable. Any late response by the Government would not absolve the Court of its own obligations or unilaterally empower it to grant Defendant's requested relief without undertaking its own analysis. Defendant's Motion is thus DENIED.

[3] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The parties agree that Defendant is entitled to a reduction under the foregoing authorities, but they part ways as to the degree of any reduction.  Defendant's original total offense level was 34.  With a Criminal History Category I, the guideline range was thus 151-188 months, and the Court imposed a high-end sentence.  A 2-level reduction results in an offense level 32 and a guideline range of 121-151 months.  Defendant now contends that his post-sentencing rehabilitation and positive conduct justify reducing his sentence to the low end of the amended guidelines.  The Government disagrees, taking the position that a high-end sentence remains appropriate.

Defendant's argument is unpersuasive.  He was convicted after a jury trial of leading a large-scale marijuana conspiracy responsible for distributing massive quantities of marijuana.  Despite Defendant's positive post-sentencing adjustment, a high-end sentence thus remains appropriate.  Accordingly, Defendant's Motion to Reduce Sentence (ECF No. 162) is GRANTED, but his sentence shall be reduced only to 151 months of imprisonment.  Defendant's Motion to Expand the Record (ECF No. 163) is GRANTED, and his Motion to Construe the Government's Failure to File a Response as Waiver of Opposition (ECF No. 175) is DENIED.

IT IS SO ORDERED.

Dated: January 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE