UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILLIAM E. BROCK, IV,<br><br>Movant. | No. 2:12-cr-00258 MCE DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant claims he received ineffective assistance of counsel during the plea negotiation process. Presently before the court is movant's motion to vacate his conviction and sentence (ECF No. 170), his motion to expand the record (ECF No. 171), respondent's opposition (ECF No. 205), movant's reply (ECF No. 207), and his motion for status conference (ECF No. 208). For the reasons set forth below the court will recommend that his § 2255 motion be denied.

**FACTS AND PROCEDURAL BACKGROUND**

**I.     The Indictment**

On July 19, 2012, a grand jury returned a two-count indictment charging movant and another defendant with one count of conspiracy to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute at least 100

1

kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 1.)  Movant retained Sara Zalkin to represent him and entered a not guilty plea.  (ECF No. 14.)  Thereafter, Michael D. Ettinger, an attorney licensed in Illinois petitioned and was granted permission to practice *pro hac vice* on behalf of movant pursuant to Local Rule 180(b)(2).  (ECF Nos. 24, 29.)

**II.  Suppression Motions**

In early 2013, movant filed two motions to suppress evidence arising from the installation of a GPS device on his truck in Illinois in February 2012.  (ECF Nos. 42, 45.)  Movant claimed the installation of the GPS device constituted a warrantless search and there was insufficient probable cause to warrant the installation.  He further argued that all the evidence should be excluded as irreparably tainted fruit of the poisonous tree.  In his reply brief movant additionally argued that agents placed the GPS device on his car while it was in his driveway constituting an invasion of the curtilage of his home in violation of the Fourth Amendment.  (ECF No. 52.)

After directing the parties to file supplemental briefing regarding movant's claim that officers invaded the curtilage of movant's home when they installed the GPS device, the court denied the suppression motions.  (ECF No. 58.)  At a hearing on the suppression motions after the parties provided supplemental briefing, the court indicated it was not persuaded by movant's curtilage argument and that it was also skeptical of the argument that the GPS order was not a warrant.  However, the court ordered supplemental briefing regarding the nighttime installation of the GPS device.  (ECF No. 64.)  At a hearing held on July 18, 2013 the court denied the suppression motions for reasons stated on the record.  (ECF No. 69.)  Thereafter, the court issued an order further explaining its reasoning in denying the suppression motions.  (ECF No. 73.)

**III.  Plea Negotiations**

Following the denial of movant's suppression motions Ettinger contacted the government and informed them movant was considering a "conditional plea" that would preserve his ability to challenge the suppression motions.  (ECF No. 205-1 ¶ 4; ECF No. 205-2 ¶ 2; ECF No. 205-3.)  The government tendered a plea offer to movant.  (ECF No. 205-2 ¶ 3; ECF No. 205-4; ECF No. 205-5.)  Under the terms of the offer, movant would have been able to appeal the denial of the suppression motions.  (ECF No. 171 at 13-26.)  However, the offer also required him to forfeit

| | |
|---|---|
| 1 | over $1.4 million in currency and property seized in connection with his criminal case and an |
| 2 | Illinois investigation.  (Id.)  Movant was informed of the plea offer.  (ECF No. 171 at 8 ¶ 14.) |
| 3 | Ettinger informed the government that movant rejected the formal plea offer.  (ECF No. 205-2 ¶ |
| 4 | 6; ECF No. 205-4; ECF No. 205-5.) |
| 5 | Movant's counsel moved for a conditional plea of nolo contendere.  (ECF No. 75.)  The |
| 6 | government opposed movant's motion for a plea of nolo contendere.  (ECF No. 76.)  At a hearing |
| 7 | held on September 5, 2013, movant withdrew his motion for a nolo contendere plea and requested |
| 8 | a jury trial.  (ECF No. 78; ECF No. 205-10 at 5; ECF No. 195 at 5.)  Movant also confirmed |
| 9 | through counsel that the government extended a plea offer that was rejected.  (ECF No. 205-10 at |
| 10 | 6; ECF No. 195 at 6.) |

### IV. Trial and Sentencing

Trial commenced on November 4, 2013.  (ECF Nos. 112-114.)  The jury convicted movant on both counts.  (ECF Nos. 114, 115.)  Movant then moved through counsel for a judgment of acquittal arguing the government had not sustained its burden.  (ECF No. 117.)  On March 14, 2014 the court denied the motion for judgment of acquittal and sentenced movant to 188 months imprisonment.  (ECF No. 138.)

Thereafter, movant appealed his conviction and sentence.  (ECF No. 137.)  The Ninth Circuit affirmed the conviction and sentence.  (ECF No. 158.)  Movant's sentence was reduced to 151 months pursuant to 28 U.S.C. § 3582(c)(2).  (ECF No. 178, 179.)  After losing on appeal, movant filed the instant pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 170.)

## MOTION TO EXPAND

Movant filed a motion to expand the record concurrently with his motion to vacate, set aside, or correct his sentence.  (ECF No. 171.)  Included with his motion is his own declaration, a copy of the proposed plea agreement, a letter from Ettinger, and a declaration from movant's sister.  The court will grant the motion to expand the record.  Rule 7, Rules Governing § 2255 Proceedings.  The court has reviewed and considered those attached exhibits in its ruling on movant's motion.

# MOTION TO VACATE

Movant argues that he received ineffective assistance of counsel during the plea negotiation process. Specifically, he claims his attorney advised him to reject the plea offer because the Ninth Circuit would almost certainly reverse the district court's denial of the suppression motions and all the evidence obtained against movant would be excluded. (ECF No. 170 at 23-28.) Movant requests resentencing under the terms of the plea offer. (ECF No. 170 at 12.)

Respondent was directed to file an answer to movant's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (ECF No. 188.) The government argues that movant has failed to establish that his counsel provided constitutionally ineffective assistance of counsel during the plea negotiations and he cannot show prejudice. (ECF No. 205 at 9-15, 16-18.)

# LEGAL STANDARDS

## I. Legal Standards for Motions Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

////

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Baylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing 28 U.S.C. § 2255(b)). Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917.

## II. Legal Standards for Ineffective Assistance of Counsel Claims

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

### A. Deficient Performance

Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons

[defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 196 (2011) (internal quotation marks and alterations omitted).

The two-part Strickland test applies to ineffective assistance of counsel claims relating to the plea-negotiation process because under the Sixth Amendment criminal defendants are entitled to effective counsel during the plea-bargaining process. Missouri v. Frye, 566 U.S. 134, 144 (2012); Lafler v. Cooper, 566 U.S. 156, 162 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985). Generally, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 566 U.S. at 145. Trial counsel also must adequately inform the defendant so that he has "the tools he needs to make an intelligent decision" regarding the plea offer. Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002).

Counsel's advice is deficient when it was "so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the [plea] offer." Id. at 880 (quoting United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992)). "[T]he question is not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases.'" Turner, 281 F.3d at 880 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Counsel's ineffectiveness results from "gross error," not a failure to "accurately predict what the jury or court might find." Turner, 281 F.3d at 881. Counsel is not required to "discuss in detail the significance of a plea agreement," or "strongly recommend the acceptance or rejection of a plea offer." Id.

**B. Prejudice**

The second part of the Strickland test requires a movant to show that counsel's conduct prejudiced him or her. Strickland, 466 U.S. at 691-92. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one "'sufficient to undermine confidence in the outcome.'" Summerlin v. Schriro, 427 F.3d 623, 640 (9th Cir. 2005) (quoting Strickland, 466 U.S. at 693). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a

more-probable-than-not standard is slight and matters 'only in the rarest case.'" Richter, 562 U.S. at 112 (quoting Strickland, 466 U.S. at 693). "The likelihood of a different result must be substantial, not just conceivable." Id.

In order to show prejudice in the context of plea offers, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 566 U.S. at 163. In cases where trial counsel's defective advice caused the defendant to reject a plea offer and proceed to trial, prejudice is demonstrated where "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe that under the judgment and sentence that in fact were imposed." Id. at 164. This is true even where the defendant subsequently received a fair trial. Id. at 166.

**DISCUSSION**

A reviewing court "need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697. Because the court finds that movant cannot show prejudice it does not address movant's argument that trial counsel's advice during the plea process was deficient.

**I.     Movant Cannot Show that he Would Have Accepted the Plea**

Movant alleges that if he had been adequately advised about the likelihood of success on appeal, he would have taken the plea deal. However, given the record here, the court need not and does not credit movant's statement that he would have accepted the plea offer had he received different advice from counsel. See Turner, 281 F.3d at 881 (self-serving statements alone are insufficient to establish constitutional violations because otherwise "every rejection of a plea offer, viewed perhaps with more clarity in the light of an unfavorable verdict, could be

////

relitigated upon the defendant's later claim that had his counsel better advised him, he would have accepted the plea offer.").

Respondent provided a declaration from trial counsel stating that movant rejected the plea offer due to his concerns about collateral consequences and his unwillingness to forfeit his property. (ECF No. 205-1 at 3 ¶ 8.) Additionally, trial counsel's pursuit of a nolo contendere plea further supports respondent's position because a nolo contendere plea would have allowed movant to appeal the suppression motions while also avoiding the collateral consequences of entering a guilty plea. (See ECF Nos. 205-6, 205-7, 205-8.)

Further, movant's claim that he rejected the deal based on misinformation about his chances on appeal are further contradicted by his decision to proceed to trial. He rejected the conditional plea which would have allowed him to appeal the denial of the suppression motions. Taking movant's claim that he relied on his attorney's prediction that he would almost certainly win on appeal, as true, acceptance of the plea deal would have allowed him to appeal the suppression motions immediately after sentencing. However, movant instead rejected the offer and went to trial. The court finds that movant's claim that he would have taken the plea deal is inherently incredible on the present record. See Turner, 281 F.3d at 881. Accordingly, movant cannot show that he would have accepted the plea deal if not for the allegedly deficient advice.

## II. Movant Cannot Show that he Would Have Received a Lesser Sentence

Movant has not put forth any evidence showing that he would have received a less severe sentence, but for counsel's advice regarding the strength of his argument on appeal. Even if counsel's advice regarding the strength of the arguments on appeal was unreasonable, the record demonstrates that movant was not prejudiced within the meaning of Strickland. To demonstrate prejudice, there must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Movant must show a reasonable probability that both he and the trial court would have accepted the forfeited plea bargain, and that it would have resulted in a lesser sentence than that which was in fact imposed. Lafler, 566 U.S. at 164.

////

However, under the terms of the plea the court could have sentenced movant to anywhere from five to forty years in prison. Movant was initially sentenced to 188 months, (fifteen years, eight months) in prison.[1] Because the judge could have sentenced movant to more time than he ultimately received under the terms of the rejected plea, he cannot show that but for counsel's advice he would have received a lesser sentence.

### III. An Evidentiary Hearing is Not Necessary

For the reasons set forth above, the petition, files, and records of this case conclusively demonstrate that movant was not prejudiced by counsel's advice during the plea negotiation process. An evidentiary hearing is not required, because movant's allegations regarding counsel's performance fail to support relief and his allegations regarding prejudice are refuted by the record, including his own exhibits. See Burrows, 872 F.2d at 917.

### IV. Motion for Status Conference

Movant filed a motion for status conference and permission to appear telephonically. (ECF No. 208.) However, because the court will recommend that his motion be denied, there is no need to hold a status conference. Accordingly, movant's motion will be denied.

## CONCLUSION

The record demonstrates that, even assuming movant's allegations are true, trial counsel's errors were not prejudicial, and thus his representation was not constitutionally deficient.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Movant's motion to expand the record (ECF No. 171) is granted; and
2. Movant's motion for status conference (ECF No. 208) is denied.

IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (ECF No. 170) be denied; and
2. The Clerk of Court be directed to close the companion civil case No. 16-cv-2049 MCE DB and to enter judgment.

---

[1] After sentencing movant's sentence was reduced to 151 months. (See ECF Nos. 178, 179.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 1, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/broc0852.ord/fr